UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN MACDONALD,<br><br>                Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign insurance company, et al.,<br><br>                Defendants. | C09-829Z<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's motion for prejudgment interest, attorney fees, and costs, docket no. 14. Having considered all papers filed in support of and in opposition to plaintiff's motion, the Court enters the following Order.

**BACKGROUND**

Plaintiff Susan MacDonald brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff was employed by Pacific Northwest Title of Snohomish County, Inc., a company affiliated with defendant Pacific Northwest Title Holding Company. She was insured under a long-term disability policy issued by defendant Jefferson Pilot Financial Insurance Company, which subsequently merged with another

ORDER - 1

company and became defendant The Lincoln National Life Insurance Company ("Lincoln National").

Prior to the commencement of this litigation, Lincoln National paid plaintiff $45,996.36 in disability benefits for the period from December 20, 2007, through December 20, 2008.  After this case had been pending for approximately three months, Lincoln National paid plaintiff $41,335.25, representing unpaid benefits, with interest, from December 20, 2008, to October 20, 2009, and it placed plaintiff "back on claim."  Exh. D. to Laurence Decl. (docket no. 15).

## DISCUSSION

A.   Request for Prejudgment Interest

Plaintiff now seeks prejudgment interest on the back benefits paid by Lincoln National before this action was filed.  Plaintiff, however, cites no Ninth Circuit authority that authorizes an award of interest on benefits paid to an ERISA plaintiff prior to litigation.  The Second Circuit has awarded prejudgment interest when the delay in paying benefits was unjust or unreasonable.  See Dunnigan v. Metropolitan Life Ins., 277 F.3d 223, 230-31 (2d Cir. 2002) (delay of nearly five years).  In this case, however, the Court concludes that the delay involved was not unreasonable and that prejudgment interest on the 2008 benefits, which were paid in January 2009, is not warranted.

B.   Request for Attorney Fees and Costs

An ERISA plan participant who prevails in a suit to enforce rights under the plan may recover attorney fees "unless special circumstances would render such an award unjust."  See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); see also 29 U.S.C. § 1132(g)(1).  To obtain attorney fees, the ERISA plan participant must show that (i) he or she is entitled to attorney fees under the five factors articulated in Hummel v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980); and (ii) the fees are reasonable as evaluated under the hybrid lodestar/multiplier test, see Van Gerwen v. Guarantee Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

ORDER - 2

1.      Entitlement to Attorney Fees

In opposing plaintiff's request for attorney fees, Lincoln National focuses primarily on the first Hummel factor, namely "the degree of the opposing parties' culpability or bad faith." Hummel, 634 F.2d at 453.  A finding of bad faith, however, is not required.  Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 590 (9th Cir. 1984) ("Although bad faith is a factor that would always justify an award, it is not required.").  The remaining Hummel factors ordinarily lead to the conclusion that a prevailing plan participant should recover attorney fees from an ERISA defendant.  See id.  This case is no different.  Plaintiff received by settlement a majority of the relief she sought to obtain by bringing suit.  Plaintiff is therefore entitled to reasonable attorney fees.  See id. at 591 ("By way of settlement, Smith received a portion of what he brought suit to recover, and so crossed the 'statutory threshold' entitling him to recover fees from the defendant.").

2.      Reasonableness of Attorney Fees

Plaintiff seeks fees for roughly 150 hours of attorney time at a rate of $400 per hour.  The Court agrees with defendants that both the hours and the rate claimed are excessive.  The Court finds that 105 attorney hours and 4 paralegal hours were reasonably expended during this litigation.  This calculation reflects the discounting of legal research time, as suggested by defendants, and takes into account an apparently mistaken 2009 entry (for 4.5 hours) in counsel's June 2010 attorney time statement.

The Court further concludes that the appropriate rates are $300 per hour of attorney time and $125 per hour of paralegal time.  These rates are reasonable and commensurate with the amount recently awarded to a similarly situated Seattle ERISA practitioner in Johnson v. Georgia-Pacific Corp., 2009 WL 3190343 (W.D. Wash.).  Based on the hours and rates set forth above, the lodestar amount is $32,000.  In light of the factors for determining whether a multiplier is appropriate, see Van Gerwen, 214 F.3d at 1045 n.2 (citing Hensley, 461 U.S. at 430 n.3), the Court concludes that the lodestar amount is appropriate.  Plaintiff asserts that

this case was undesirable due to the complexity of ERISA cases and the difficulties of proof associated with plaintiff's diagnosis of fibromyalgia. Plaintiff, however, does not demonstrate that the lodestar amount, when compared to awards in other similar, successful ERISA cases, is unreasonably low. The Court therefore declines to employ a multiplier and awards attorney fees in the amount of $32,000.

## **CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART plaintiff's motion, docket no. 14. Prejudgment interest as to benefits paid prior to litigation is DENIED. Attorney fees in the amount of $32,000 are AWARDED. Costs in the undisputed[1] amount of $894.05 are also AWARDED. The Clerk is DIRECTED to enter judgment consistent with this Order, to CLOSE this case, and to send copies of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 23rd day of July, 2010.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

---

[1] Defendant did not dispute the amount of requested costs which were $760 at the time of defendant's response. Plaintiff claims an additional $134.05 in costs in reply. Thus, the total costs claimed by plaintiff are $894.05.

ORDER - 4